333 F.2d 99
 Mary TORRES, Appellant,
v.
UNITED STATES of America, Appellee.
 United States Court of Appeals Tenth Circuit.
 June 22, 1964.
 
 Robert C. Hanna, Albuquerque, N. M., for appellant.
 John Quinn, U. S. Atty. (Lewis O. Campbell, Asst. U. S. Atty., was with him on the brief), for appellee.
 Before PHILLIPS, BREITENSTEIN and HILL, Circuit Judges.
 BREITENSTEIN, Circuit Judge.
 
 
 1
 The jury found appellant, Mary Torres, guilty of four violations of the federal narcotic laws relating to marihuana. She was sentenced to imprisonment and now appeals from the judgment.
 
 
 2
 James Sedillo, an employee of the New Mexico State Police, Narcotics Division, was the first witness for the prosecution. After Sedillo had identified himself and said that he knew Mary Torres, the examination and his answers were:
 
 
 3
 "Q. When did you become acquainted with her and how? Would you just outline to the jury, generally. A. Well, I became acquainted with her prior to making my narcotics buys through — I was working under cover at the time and —
 
 
 4
 "Q. What do you mean by working under cover? A. Well, I was not known as a police officer and I was trying to make narcotics buys from anyone dealing in narcotics, so I was trying to make a case on her boyfriend, who at that time was Leland Reed, a colored subject, who I did make a case on."
 
 
 5
 Defense counsel then objected and moved for a mistrial. The court overruled the objection and denied the motion. No admonitory instruction was given to the jury then or later.
 
 
 6
 Mary Torres was not a member of the colored race. The volunteered statement which associated her with a member of that race who was a narcotic violator was improper and called for prompt and firm action by the trial court. The failure of the court to strike the answer, instruct the jury to disregard it, and admonish the witness aggravates the situation. In the circumstances we are convinced that justice requires a new trial.
 
 
 7
 This disposition of the case makes it unnecessary to consider the other points raised.
 
 
 8
 The judgment is reversed and the case remanded for a new trial.